Opinion adopted May 8, 1888.

## No. 33-5765.

## C. A. BROWN ET UX. *v.* B. F. BRIDGES ET AL.

1. DAMAGES—CHARGE OF COURT.—A charge of court which by its terms limits the plaintiff's right to recover in a suit for damages to injuries which are serious, is error. Nominal damages, at least, may be recovered for every injury caused by the trespass of another, however slight may be the injury inflicted. When such damage results from the wrongful seizure under judicial process of property exempt under the law, not only the officer making the seizure, but those in whose favor the seizure is made, and who ratify the officer's act, as well as those who direct it, are liable. If the illegal levy and seizure of the property is oppressive, and the conduct of the officer malicious toward the claimant and owner of the exempt property, exemplary damages may be recovered against not only the officer, but any other person who knowingly encouraged or directed the malicious act.

2. SAME.—He who accepts benefit under an illegal levy upon the property of another after knowledge of the illegal act, will be deemed to have ratified the same, and will be responsible equally with the officer for such damage as is the natural and proximate result of the illegal act.

3. ATTACHMENT—DAMAGES—EVIDENCE.—In a suit for damages resulting from an illegal seizure under attachment of property exempt from forced sale, evidence showing cause for the issuance of the attachment is irrelevant.

APPEAL from Williamson. Tried below before the Hon. A. S. Walker.

C. A. Brown and wife sued for bodily and mental injuries to the wife, alleged to have been inflicted upon her by defendant Bridges at the instance of defendant Smith then present, their action being advised and ratified by the other defendants Rucker & Montgomery. Smith acting also in capacity of agent for the last named defendants. Injuries are charged to have been inflicted whilst defendants were attempting to make an illegal and wrongful levy under writ of attachment by defendants upon a wagon and team, exempt property, the wife being in the wagon at the time peaceably on a journey in a public road, and plaintiffs alleged that by forcibly and suddenly stopping the wagon she was injured in person and greatly frightened, she then being far advanced in pregnancy.

Plaintiffs claimed actual damage, the natural and probable result of the illegal act, expense and loss of time, nursing, medical bill, medicine, mental pain and suffering, five thousand and two hundred dollars. Plaintiffs also asked for exemplary damages, alleging violent, wanton and malicious conduct in the seizure of the team, and mental and physical injuries resulting therefrom, five thousand dollars.

The attachment suit was alleged by plaintiff to have been brought by defendant A. H. Smith upon accounts aggregating eighty-four dollars and forty cents; the plaintiffs (appellants), did not owe Smith the amount, but the sixteen dollars and twenty-five cents of the amount was an account due Rucker & Montgomery who assigned the same to Smith for the purpose of attaching for the benefit of Rucker & Montgomery, Smith merely acting as their agent for the collection of the account. Defendant denied generally and alleged that the accounts were assigned to Smith for a valuable consideration, and that he became subrogated to the rights of the original owners and entitled to collect the same. Defendants also pleaded that Mrs. Brown at the time of the levy refused to stop the horses and wagon (she driving the same), but urged the horses into a trot, and that if she was injured it was done by her fast driving in an attempt to evade the attempted levy, and that as soon as she informed the officer that the property was exempt from sale for debts no further attempt was made to hold the property or make the levy.

There was a trial by jury, verdict and judgment for defendants. The evidence is unimportant in view of the opinion.

*G. W. Glasscock* and *T. W. Stratton,* for appellants: A. H. Smith, defendant, was the agent of his codefendants Rucker & Montgomery, in suing out the attachment and pointing out to constable Bridges the exempt property of plaintiffs, and directing the levy made thereon, whilst Mrs. Brown was personally using the property, thereby committing an assault upon her. It was a tort committed by the agent, for which the principals, Rucker & Montgomery, were liable, even though not fully advised of its details, and whether ratified with or without such knowledge. (Jacobs, Bernheim & Co. v. Crum, 62 Texas, 401; Sorelle v. W. U. Telegraph, 55 Texas, 308.)

For every trespass the injured party is entitled to at least nominal damages, even though no serious injury be shown. (Flannagan v. Womack, 54 Texas, 45; Hays v. I. & G. N. R. R., 46 Texas, 273; Craddock v. Goodwin, 54 Texas, 587; Nicholson v. New York, etc., Railroad, 56 Am. Dec., 390.)

Constable Bridges and defendant Smith, principals, acting together in person, were primarily liable for malicious seizure of exempt property, and injury occasioned thereby, whether or not their acts were ratified or acquiesced in, and whether their codefendants were or were not liable, and the principals were liable by subsequent ratification and adoption. (Hardy v. Broadus, 35 Texas, 686; 2 Greenleaf, par. 277; 2 Wait's Actions and Defenses, 448, 449.)

*Fisher & Townes,* for appellees: Where suit is not for injuries necessarily resulting from the trespass, but is for special damages, the natural result of the wrong under the peculiar circumstances, such special damages must be both plead and proven before recovery can be had. They must be of a substantial, appreciable character, susceptible of being proven. (Moore v. Anderson, 30 Texas, 230; 2 Greenleaf on Evidence, sec. 254.)

The levy on exempt property does not for that reason simply subject to exemplary damage, unless the exemption was known at the time. Where there is nothing in the proof showing legal malice or gross negligence or willful violation of another's right exemplary damages can not be recovered and the issue should not be submitted. (Cone v. Lewis, Texas Court Re-

porter, vol. 1, No. 5, page 266; Reed v. Samuels, 22 Texas, 114; Neill v. Newton, 24 Texas, 202; Clark v. Wilcox, 31 Texas, 322; Harris v. Finberg, 46 Texas, 79.)

A party can not recover for injuries to which his own negligence or misconduct has contributed. It being impossible to determine how much of the damage is occasioned by the trespasser and how much by the party's own wrong, the law does not undertake to apportion results. (Hale v. Dutant, 39 Texas, 667; Cooley on Torts, 672, et seq.)

COLLARD, JUDGE. The lower court in the tenth paragraph of the charge instructed the jury that if by the seizure and stopping of the wagon and team the plaintiff was seriously injured in his person, the jury would find  *  *  actual damages, etc. This was error. There is no authority requiring that a personal injury inflicted in the commission of an unlawful act should be *serious* to entitle the injured party to damages. The extent of the injury is a question for the jury, to be considered by them in estimating the amount of damages to be accorded, but not in determining the right to recover in some amount. An injury might be so slight and trifling as to deserve no compensation of itself, but when it is the result of a trespass *vi et armis*, the jury should be left to assess the damages according to the attendant circumstances of aggravation or mitigation. Nominal damages would, at least, be recoverable. (2 Greenl. on Ev., sec. 270; Id., sec. 84; Champion v. Vincent, 20 Texas, 811.)

In this case the constable was making an illegal levy upon property exempt from forced sale; he was guilty of a trespass; was seizing a wagon and team that he had no right to take by authority of the writ. If by such seizure Mrs. Brown was injured, she would be entitled to recover damages commensurate with her injuries. If Smith was acting with the constable, directing or aiding him, he would also be liable, and if Rucker & Montgomery procured Smith to act for them in the attachment proceedings, and knowing the facts of the seizure and the injury to Mrs. Brown, ratified the acts of the officer, they would be liable. (Gilleland v. Drake, 36 Texas, 677; Erwin v. Bowman, 51 Texas, 513.) Or if Rucker & Montgomery, or either of them, knowing the acts and conduct of the officer, ratified the same, they would be liable in consequential damages.

If the levy was oppressively made, and the conduct of the officer was malicious or oppressive in respect to Mrs. Brown, and Smith directed it, aided or encouraged it, and Mrs. Brown was thereby injured, both of them would be responsible in exemplary damages; and if Rucker & Montgomery, or either of them, knowing the facts and the injury, ratified the acts of the officer or of Smith, their liability would be the same as that of the officer. If Rucker & Montgomery, or either of them, accepted or derived any benefit under the levy or as a consequence of it, knowing the facts, or after they, or either of them, had been notified of the facts, they would be deemed to have ratified.

The court instructed the jury substantially that defendants would not be responsible for any damage to Mrs. Brown, not the natural and proximate result of the injury, and that such as resulted from her own want of care after the injury could not be considered in estimating damages. This charge was correct.

The questions and answers allowed by the court over plaintiff's objections, tending to justify the suing out of the attachment, were improper. There was no issue as to the wrongful suing out of the writ. The issue was of an illegal levy upon exempt property, and injury to Mrs. Brown committed in the seizure. The exceptions to the questions and answers should have been sustained. Proof that Brown was giving cause to his creditors to attach his property, was no defense for levying the writ upon exempt property in such a way as to injure Mrs. Brown.

The cause should be reversed and remanded.

*Reversed and remanded.*