## Charles E. Faroux et. al. v. H. H. Cornwell et al.

### Decided November 10, 1905.

**1.—Attachment—Wrongful Issuance—Wrongful Levy—Distinction—Damages.**

Irrespective of whether a writ of attachment was rightfully or wrongfully procured the defendant would be entitled to damages if it was levied on exempt property. If wrongfully procured, the defendant's right to damages does not depend on the character of property seized.

**2.—Same—Liability of Officer.**

In the absence of facts showing that the officer participated in the procurement of the writ, he is not liable for the unlawful issuance of the same.

**3.—Same—Actual and Exemplary Damages.**

For the unlawful issuance and levy of the writ the plaintiff would be liable in actual damages. If the writ was procured maliciously and without probable cause, he would be liable for exemplary damages.

**4.—Same—Sureties.**

The sureties on the attachment bond could not ordinarily be held for anything beyond actual damages. So also as to the officer's official sureties and his indemnitors.

**5.—Exemplary Damages.**

Malice and want of probable cause must concur to authorize a recovery for exemplary damages in attachment suits.

Appeal from the County Court of Wharton County. Tried below before Hon. G. S. Gordon.

*G. G. Kelly,* for appellants.—Want of probable cause and malice must both exist to authorize a recovery of exemplary damages; and want of

probable cause can not be inferred from proof of malice; and if the petition omits to allege want of probable cause exemplary damages can not be recovered. Elser v. Pierce, 2 Wilson Civ. Cases, 647; Culberson v. Cabeen, 29 Texas, 248; Burger v. Rhiney, 42 S. W. Rep., 592; Kauffman v. Wicks, 62 Texas, 234; Bear v. Marx, 63 Texas, 298; Biering v. First Nat. Bank, 69 Texas, 599.

The wrongfulness of the issuance of a writ of attachment depends upon the truth or falsity of the facts alleged in the affidavit for attachment; and the question as to whether or not it was issued without probable cause depends upon the circumstances and information which induced the plaintiff to procure its issuance. The liability of the sureties upon the attachment bond depends upon whether or not the attachment was wrongfully sued out; and the wrongful levy of the writ or the character of the property levied on raises another issue entirely, which does not affect them. Rev. Stats., art. 190; Wallace v. Finberg, 46 Texas, 36; Bear Bros. & Hirsch v. Marx & Kempner, 63 Texas, 298; Woods v. Huffman, 64 Texas, 98; Kauffman v. Wicks, 62 Texas, 234; Emerson, Talcott & Co. v. Skidmore, 7 Texas Civ. App., 644; Halff, Weiss & Co. v. Curtis, 68 Texas, 641; Finnegan v. Read, 8 Texas Civ. App., 33; Hamilton v. Kilpatrick, 29 S. W. Rep., 819; Drake on Attachments, 176.

The sureties on an attachment bond are liable only for actual damages for the wrongful suing out of the writ as provided in said bond. The sureties on an official bond of a constable are liable only for actual damages for a wrongful levy. The sureties on an indemnity bond given to an officer to protect him in case he becomes liable for damages for a levy, are liable only to him, when he brings them into the case. The court in his charge made all the defendants in this case equally liable and was therefore erroneous. Johnson v. Williams, 63 S. W. Rep., 759; Caspar v. People, 6 Brad. W. (Ill. App.), 28; Sedgwick on Damages, sec. 370; Longcope v. Bruce, 44 Texas, 434; Dodd v. Gaines, 82 Texas, 429.

The sureties on an attachment bond are liable only for actual damages. Rev. Stats., art: 190; Wallace v. Finberg, 46 Texas, 36; McArthur v. Barnes, 10 Texas Civ. App., 318; Hamilton v. Kilpatrick, 29 S. W. Rep., 819; Blum v. Gaines, 57 Texas, 135; Drake on Attachments, 176; Sedgwick on Damages, sec. 370.

The sureties on the official bond of an officer are only liable for actual damages for the wrongful levy. Rev. Stats., art. 4911; Johnson v. Williams, 63 S. W. Rep., 759; Sedgwick on Damages, sec. 307.

The sureties on an indemnity bond to an officer are liable to the officer alone for damages incurred by him, when interpleaded by him. Dodd v. Gaines, 82 Texas, 429; Longcope v. Bruce, 44 Texas, 434.

Where the sureties on the indemnity bond are brought in by the answer of the officer, and there are no pleadings by plaintiff against them, no judgment against them can be taken in favor of plaintiffs. Longcope v. Bruce, 44 Texas, 434; Dodd v. Gaines, 82 Texas, 429; Cooper v. Connerty, 83 Texas, 133; McKey v. Welsch, 22 Texas, 390; Hall v. Jackson, 3 Texas, 305; Denison v. League, 16 Texas, 399; Chrisman v. Miller, 15 Texas, 160.

No briefs for appellees.

GILL, CHIEF JUSTICE.—H. H. Cornwell and wife brought this suit against Charles Faroux, as principal, and T. J. Poole and Wm. Finkelstein, as sureties on his attachment bond, to recover damages actual and exemplary for the wrongful and malicious issuance and levy of the writ. George W. Pittman and the sureties on his official bond as constable were also made defendants, and a like judgment was asked against them on the ground that Pittman, acting with and under the direction of Faroux, the plaintiff in attachment, had levied the writ on exempt household goods, and that in making the levy they had acted maliciously and had acted oppressively and rudely in the manner of making it.

Faroux resisted the suit on the ground that the writ was rightfully issued and at least upon probable cause.

Poole and Finkelstein contended that they as sureties were at most liable for actual damages.

Pittman, the constable, denied generally, and his official sureties claimed that they were in no event liable for exemplary damages.

He made his indemnitors parties defendant. His indemnitors made a like claim, and further contended that, under the pleading in this case, they were not subject to a judgment in favor of plaintiffs.

A trial by jury resulted in a judgment in favor of plaintiffs for $500, of which $266.66 were adjudged to be a charge against the sureties on the attachment bond, the other defendants being adjudged liable for the entire sum. Pittman recovered an alternative judgment against his indemnitors, and the plaintiffs recovered judgment against them enforceable in case Pittman failed to discharge the judgment rendered against him.

All the defendants have appealed.

The assault on the judgment is predicated on the failure of the court to sustain a special exception against the petition, asserted errors in the charge to the jury, and errors in the judgment.

Inasmuch as the judgment must be reversed and the cause remanded for another trial, we do not deem it necessary to state the facts in definite detail nor to dispose of the assignments of error categorically. A general history of the transactions which gave rise to and attended the litigation will subserve the purposes of this opinion.

Cornwell and wife had leased from Faroux part of a building (of which Faroux was also lessee) at a stipulated rental of $50 per month. They furnished it and proceeded to conduct a hotel therein. They also rented two rooms directly from the owner of the building and these they furnished and occupied as their private apartments.

On April 21, 1903, Faroux brought suit in the Justice Court against Cornwell for two months' rent, at $66 per month, and sued out an attachment on the ground that defendant was about to dispose of his property for the purpose of defrauding his creditors. Faroux procured this writ to be levied by Constable Pittman on the furniture in the hotel including all the furnishings, bedding, pictures, etc., in the private apartments of Cornwell and wife. Much of this was afterwards surrendered to Cornwell so that their claim for actual damages at the

time of the trial was only $150. The attachment bond was in the sum of $266.66 and Poole and Finkelstein were sureties thereon.

The evidence presents the issue of wrongful issuance of the attachment, probable cause, whether all the goods were exempt, and whether the officer in conjunction with Faroux acted rudely, maliciously and oppressively in making the levy.

It was made in the absence of Cornwell (the husband), and his wife was turned out of her apartments and the door locked, the constable retaining the key. Holloway, Hefner and Priesmeyer were sureties on the bond given by Faroux to indemnify Pittman.

The court correctly instructed the jury as to the measure of actual damages. However on the issue of liability for the issuance of the attachment he erred in the following respect: He charged in effect that if the jury should find that the property levied on was exempt from forced sale, then the attachment sued out was wrongful and without probable cause.

The error is manifest as there is no necessary relation between the issuance of the writ and the character of the property on which it is afterwards levied. The writ is not directed against specific property. If it was levied on exempt property plaintiffs herein were entitled to their actual damages and, under the circumstances alleged, may have been awarded exemplary damages against both the constable and Faroux, irrespective of whether the writ was rightfully or wrongfully procured. If it was sued out wrongfully, maliciously and without probable cause the right of plaintiffs herein to recover did not depend on whether the property levied on was subject to execution. It was also on the weight of the evidence. So in no event could the charge be correct.

The court also erred in assuming and charging that the constable would be liable with the Faroux for the consequences of the unlawful issuance of the writ as distinguished from an unlawful and oppressive levy. There is nothing in the record tending to show that the officer participated in the procurement of the writ.

For the issuance and levy of the writ in the absence of statutory grounds the plaintiff in the writ would be liable in actual damages.

If procured to be issued maliciously and without probable cause the plaintiff in the writ would be subject to the imposition of exemplary damages whether issued rightfully or wrongfully, and if levied upon exempt property by order of the plaintiff, both he and the levying officer would be liable in any event in actual damages. If the levy was made by the one and participated in by the other under circumstances of oppression and aggravation, such as is alleged, both would be subject to a verdict for exemplary damages.

The sureties on the attachment bond having had no other part in the transaction beyond the execution of the bond could in no event be held for anything beyond the actual damages.

The same is true of the constable's official sureties and his indemnitors.

In the light of these rules of law the errors in the judgment become apparent. The judgment against the attachment sureties can not stand because it exceeds in amount the sum prayed for as actual damages.

It can not stand as against the other sets of sureties because they are

held for the entire verdict and at least $350 of it are exemplary damages. Indeed it may be more, for the verdict does not separate the two items and the award for actual damages may have been less than the sum asked in the amended petition.

Appellants except specially to plaintiffs' amended orginal petition. on which the case was tried, on the ground that there was no allegation of want of probable cause for the issuance of the attachment, and that therefore it would not sustain a recovery for exemplary damages for the wrongful issuance of the writ.

The exception should have been sustained. Malice and want of probable cause must concur in order to authorize a recovery for exemplary damages for wrongful issuance of the writ and the pleader must allege what is material to his recovery. Elser v. Pierce, 2 Wilson Civ. Cases, 647; Culberson v. Cabeen, 29 Texas, 248; Biering v. First Nat. Bank, 69 Texas, 599.

None of the other assignments present material error. For those indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*