CARROLL v. FIRST STATE BANK OF DENISON.

(Court of Civil Appeals of Texas. Dallas. May 25, 1912. Rehearing Denied June 22, 1912.)

1. EXEMPTIONS (§ 25*)—PERSONS ENTITLED—CITIZENSHIP.

The statute defining what property is exempt from execution makes no discrimination between citizens and nonresidents, and a nonresident, who is the head of a family and who owns two mules, but no other mules or horses, and who brings the mules into the state temporarily, is entitled to claim them as exempt from seizure under attachment sued out in the state.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 29; Dec. Dig. § 25.*]

2. MALICIOUS PROSECUTION (§ 68*)—ATTACHMENT (§ 361*)—WRONGFUL ATTACHMENT—DAMAGES.

The levy of an attachment on exempt property authorizes a recovery by the owner of the actual damages sustained, and where the writ was issued and levied maliciously and without probable cause, he may recover exemplary damages.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 157; Dec. Dig. § 68;* Attachment, Cent. Dig. §§ 1315–1318; Dec. Dig. § 361.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by J. R. Carroll against the First State Bank of Denison. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

J. H. Randell, of Denison, for appellant. R. M. Finley, of Denison, and Wolfe, Maxey, Wood & Haven, of Sherman, for appellee.

RAINEY, C. J. This suit was brought by appellant against appellee to recover damages for the illegal and malicious suing out and levying of a writ of attachment on two mules, the property of appellant, and exempt under the laws of Texas. A trial resulted in a verdict and judgment in favor of appellee, from which this appeal is taken.

Appellant, at the time the attachment was issued and levied on the two mules, was a resident of the state of Oklahoma, living just across Red river from Denison, in the state of Texas. He had hauled a load of cordwood to Denison for sale, and while there appellee bank brought suit in the justice court on a note given by appellant and two others, and caused a writ of attachment to issue on the ground that appellant was a nonresident of Texas, which writ was levied on two mules of appellant. Appellant is the head of a family, and he owned no other mules or horses, of which fact the parties hereto were informed by him. In this appeal the main question for decision is whether or not appellant's mules were exempt from seizure, he being a nonresident, to satisfy a debt due the appellee, a citizen of Texas?

[1] The statute of this state states what property is exempt from forced sale to heads of families and adults, but no limitation is therein expressed conferring the exemption to citizens of this state, nor is there any such implication to be drawn from the terms thereof. Some of the states have passed statutes which, by express terms, limit exemptions to debtors who are citizens, and in construing such statutes the courts have held that nonresidents are not entitled to invoke the provision thereof to defeat a seizure. As before stated, no discrimination is made in this state between nonresidents and citizens in relation to exemption, and we see no good reason why there should be such a distinction. As said in Lowe v. Stringham, 14 Wis. 244, in a case involving similar facts to those here, "it would be inconsistent with the beneficent intention of the statute, as well as with the dignity of a sovereign state, to say that the temporary sojourner, or even the stranger within our gates, was not entitled to its protection." We are therefore of the opinion that appellant's team was exempt from seizure under the writ of attachment, and he is entitled to recover such damages as he sustained by reason of its levy. Bell v. Live Stock Co. (Sup.) 11 S. W. 344, 3 L. R. A. 642.

[2] The mere fact that the writ was levied on exempt property entitled appellant to recover for the actual damages sustained by him, and if it was caused to be issued and levied maliciously and without probable cause he was entitled to exemplary damages. The rule governing a recovery for damages arising from a wrongful seizure is stated in Brown v. Bridges, 70 Tex. 661, 8 S. W. 502, Faroux v. Cornwell, 40 Tex. Civ. App. 529, 90 S. W. 537, and Railey v. Hopkins, 131 S. W. 624, and in the trial of this case said rule should be observed.

The judgment is reversed, and cause remanded.