KNOLES et al. v. CLARK et al.

(Court of Civil Appeals of Texas. Dallas, Jan. 17, 1914. Rehearing Denied Feb. 7, 1914.)

1. VENUE (§ 17*)—TITLE TO LAND—LOCATION —FAILURE TO OBJECT.
   In the absence of a plea or demurrer interposed by defendants, the district court of one county has jurisdiction to try title to land located in another.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 28–31; Dec. Dig. § 17.*]

2. PLEADING (§ 104*)—PLEA OF PRIVILEGE— SUFFICIENCY.
   In trespass to try title to land located in another county, defendants, who were nonresidents, pleaded that the court ought not to take jurisdiction, because it affirmatively appeared from plaintiffs' petition that defendants were nonresidents, and that the land was located in another county, wherefore defendants claimed that the court was without jurisdiction. Held, that it was a sufficient plea of privilege by defendants to be sued in the county where the land was located.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 213–217; Dec. Dig. § 104.*]

3. VENUE (§ 5*)—TRESPASS TO TRY TITLE.
   The statute fixing the venue of actions against nonresidents in the county of plaintiffs' residence is subordinate to the statute requiring the suits concerning realty to be brought in the county where the land lies, when invoked by defendants.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. § 5.*]

4. PLEADING (§ 104*)—PLEA OF PRIVILEGE— VENUE.
   Since nonresident defendants are entitled to the same rights as resident citizens, such nonresidents in trespass to try title may by plea claim the right to have the action brought in the county where the land lies.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 213–217; Dec. Dig. § 104.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Trespass to try title by T. S. Knoles and others against T. Ewing Clark and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

C. M. Smithdeal, of Dallas, for appellants. Brooks & Worsham, of Dallas, for appellees.

RAINEY, C. J. Appellants Knoles and Marple filed their petition in trespass to try title in the district court of Dallas county to recover possession of a tract of land in Hansford county of defendants, Clark, McGinty, Schmalling, and Hoffman, who are alleged to be nonresidents of Texas. Plaintiff Knoles is alleged to be a resident of Dallas county, Tex., and plaintiff Marple is a resident of California. Defendant Clark filed a disclaim-

er, and the other defendants filed a plea to the jurisdiction of the district court in Dallas county, which plea was sustained, and the cause transferred for trial to Hansford county, Tex., and the plaintiffs appeal.

Appellants' second assignment of error is as follows: "The court erred in sustaining the exception or demurrer of the defendants McGinty, Schmalling, and Hoffman, to the plaintiffs' petition, and in ordering this cause sent to Hansford county, for the reason that the district court of Dallas county had jurisdiction of the subject-matter, and there was no plea of privilege filed in behalf of said defendants, or either of them, and the court was in error in holding that it had no jurisdiction, and that only the district court of Hansford county had jurisdiction."

The contention of appellant under this assignment is: First, that, "it appearing from the plaintiffs' petition that the district court of the Sixty-Eighth Judicial District had jurisdiction of the subject-matter, and the defendants having failed to file a plea of privilege, it was error for the court to hold in passing on a demurrer, which simply raised a question of jurisdiction, that the defendants were entitled to have the venue changed to Hansford county;" and second, that, "if the defendants had a right under the statute to have the case transferred to Hansford county, it was incumbent on them to assert that right by a plea of privilege, and, having failed to file a plea of privilege, they waived the right, and it was error for the court to order the case transferred."

The defendants' plea reads: "Now come T. Ewing Clark, Joseph M. McGinty, Alfred F. Schmalling, and Chas. E. Hoffman, defendants in the above-styled and numbered cause and respectfully show to the court: That this court ought not to have and take jurisdiction of this cause, for that it affirmatively appears from the plaintiff's petition that the defendant T. Ewing Clark is a nonresident of the state of Texas and a resident of Tulare county, state of California; that the defendants Joseph M. McGinty and Alfred F. Schmalling are nonresidents of the state of Texas, and are residents of the county of Carroll, state of Illinois; and that the defendant Chas. E. Hoffman is a nonresident of the state of Texas, and is a resident of the county of Hamilton, state of Kansas; that it affirmatively appears from plaintiffs' petition that the land described therein, which constitutes the subject-matter of this suit, is located in the county of Hansford, state of Texas, and not in the county of Dallas, in which this cause is pending; that it further affirmatively appears from said petition that this is an action to try title, as well as for damages, and that in their said petition the plaintiffs seek to recover judgment for the title and possession of said premises. Wherefore the defendants say that this court is without jurisdiction to hear, try, and determine said cause, and of this exception the defendants pray judgment of the court."

[1, 2] In the absence of a plea or demurrer interposed by defendants, the district court of Dallas county had jurisdiction to try title to land in Hansford county, but the question arises, Was the plea filed by defendants sufficient to apprise the court that it was intended as a plea of privilege by defendants to be sued in Hansford county? We think so. The plea was, in effect, an objection to the court taking jurisdiction of the suit when the title and possession of the land involved was not situated in Dallas county, but in Hansford county. Under our statutes jurisdiction could have been maintained in Dallas county, subject, however, to a plea of privilege, but when such a plea was filed by them the court lost jurisdiction to try the case, and properly transferred it to Hansford county for trial. Russell v. Ry. Co., 68 Tex. 646, 5 S. W. 686; Houston Oil Co. v. Bayne, 141 S. W. 544; Railway Co. v. Foster, 44 S. W. 198. While the question here, as contended by appellants, is one of venue, and not one of jurisdiction, the court treated it as one of venue. In Wolfe v. Willingham, 43 Tex. Civ. App. 167, 94 S. W. 362, cited by appellants, the court sustained a plea to its jurisdiction, because the land was situated in a county other than that in which suit was brought, and dismissed the case. The Court of Appeals held this to be error. The court in this case did not treat the plea as one simply of jurisdiction and dismiss the case, but treated it as a plea of privilege for the change of venue, and entered an order transferring the case to Hansford county.

[3] In this character of case we think the statute fixing the venue against nonresidents in the county of the plaintiff's residence is subordinate to, when evoked by defendant, the statute that requires suit to be brought in the county where the land lies. "This construction is required, we think, by the terms of section 23 of the same article, prescribing that, 'whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.'" Railway Co. v. Jenkins, 29 S. W. 1113.

As heretofore stated, we think it settled that the district court of Dallas county had jurisdiction of the suit unless a claim of privilege was interposed by defendants, which we conclude was, in effect, done by them, but it is contended by appellant Marple that, as he was a resident of Dallas county, he had the right to sue in Dallas county under the statute, irrespective of subdivision 14, fixing venue for suit to recover land in the county where the land is situated, and that defendants, being nonresidents, could not interpose said plea.

The case of Neill v. Owen, 3 Tex. 145, is cited by appellant as being in point as controlling, in respect to the construction to be

given the two subdivisions, 3 and 14, of article 1830, that is, that subdivision 14 is subordinate to subdivision 3. If said case is susceptible of said interpretation, we do not think it should control, as later expressions of the Supreme Court have recognized the rights of citizens of this state to interpose the plea of privilege in evoking subdivision 14, as in Russell v. Railway Co., 68 Tex. 646, 5 S. W. 686, and our Courts of Civil Appeals have recognized this rule in Oil Co. v. Bayne, 141 S. W. 544, and other cases.

[4] As to defendants being residents of states other than Texas, we will say that in a suit of this kind a nonresident has the right to interpose a plea or claim any protection that is afforded a citizen by the laws of this state. Carroll v. Bank, 148 S. W. 818.

There was no error in the refusal of the court to enter judgment by default, or in refusing to hear evidence in support of plaintiffs' claim of title. The court having sustained the demurrer and transferred the case to Hansford county, it very properly declined to take any further action in the case.

The judgment is affirmed.