### PROTHRO et al. v. SMITH et al.

### No. 11238.

Court of Civil Appeals of Texas. Dallas.

Feb. 18, 1933.

Rehearing Denied March 11, 1933.

Carey M. Abney and M. M. O'Banion, both of Marshall, for appellants.

Wynne & Wynne, of Wills Point, for appellees.

BOND, Justice.

This is an appeal from an interlocutory order of the district court of Kaufman county, overruling what appellants contend are pleas of privilege filed by appellant in a suit instituted by appellees, Irwin Smith and J. J. Parks, against appellants, Obie Prothro, et al., in said court. Appellants' pleas allege that the suit is an action of trespass to try title and to remove incumbrances from the title to land situated in Gregg county, and that the subject-matter of the suit is exclusively cognizable in the district court of Gregg county; and that the district court of Kaufman county is without jurisdiction to adjudicate the matter in controversy; that the suit does not come within any of the exceptions provided by law to be brought or maintained in Kaufman county, or elsewhere outside of Gregg, the county in which said land is located. The pleas do not raise the personal residential venue of any of the defendants in

the suit, and in fact same could not be raised as none reside in Gregg county.

The pleas are filed in due order of pleading, sworn to, and are sufficient to raise the issue that the suit is not commenced in the proper county, in that, it is a suit for the recovery of land and damages thereto, and to remove incumbrances upon the title to land situated in Gregg county, and not in Kaufman county.

█ Appeals to this court do not lie from interlocutory orders of a lower court on pleas to the venue, which involve only the subject-matter of the suit. Pleas of privilege brought under article 2007, R. S., are personal, invoking only the issue of venue originating from the residence of the pleader. Where neither the domicile of the defendants nor the subject-matter of the suit are cognizable in the county where the suit is instituted, a plea of privilege, under the statute, is available, and the judgment of the court thereon is appealable; but, where the domicile of defendants is in one county, the subject-matter of the suit in another county, and the suit instituted in a third county, a plea to the venue, that the suit is not commenced in the county where the subject-matter of the suit is cognizable, is a plea in abatement. Action of a court on pleas in abatement, pleas in bar, pleas to the jurisdiction, and such like dilatory pleas, can only be reviewed by this court by assignments brought up on appeal in the original suit.

█ The pleas of appellants in this case are not available as pleas of privilege, and at the most are regarded as pleas in abatement, calling in question only that the venue of the suit is not commenced in the proper county, a suit concerning land located in another county. For reasons above stated, no appeal lies from the action of the court below, and this appeal is dismissed.

Dismissed.

## On Motion for Rehearing.

JONES, Chief Justice.

In a motion for rehearing, appellants very earnestly contend that this court is in error in dismissing this appeal for want of jurisdiction. We adhere to our original holding in this case, but because of the fact that the ground on which this court based the conclusion apparently has never been specifically passed upon in this state, we will write more fully on the question involved than was thought necessary in the original opinion.

It is claimed by appellants that the suit filed by appellees in the district court of Kaufman county is one to remove incumbrances upon the title to land, and to quiet the title to land, and hence it is controlled by the provisions of subdivision 14, art. 1995, R. C. S., which fixes venue of the suit in Gregg county, because the land is located in said county.

In pursuance of this theory, appellant M. M. O'Banion, in his answer to the suit, objected to venue in the district court of Kaufman county, by means of the following special exception: "* * * That the matter in controversy in this suit, as alleged in the plaintiff's petition, is an action involving the title to land and is brought in the nature of a suit to try title as well as for damages to lands situated in Gregg county, Texas, and that the subject matter of this suit is exclusively cognizable in the district court of Gregg county, Texas, and this court is without jurisdiction to adjudicate the matter in controversy." The prayer following this exception is that the suit be transferred to the district court of Gregg county.

The other appellants, omitting the formal parts, filed the following plea to the venue of the suit in Kaufman county: "* * * That this court should not take further action or cognizance of this suit other than to have the same transferred to the court having jurisdiction of the subject matter. The defendants allege that this is a suit involving the title to lands, and that the said lands are located in Gregg county, Texas, as is more fully shown by plaintiff's petition. That this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in Kaufman county, Texas, or elsewhere outside of Gregg county, Texas, the county in which said lands are located." These allegations are followed by the prayer that the suit be transferred to the district court of Gregg county, and the allegations in the plea are duly verified.

Obie Prothro, one of the defendants in the suit, resides in Kaufman county and presented no objection to the venue of the suit in Kaufman county; none of the other defendants reside in either Kaufman or Gregg county. It will be observed that neither of the pleas to the venue of the suit in Kaufman county complains because of the fact that the suit was not instituted in the county of the residence of any of the defendants. After a hearing on the pleas to the venue, the trial court entered an order, overruling the pleas to the venue of the suit in the Kaufman county district court. The appeal is from the interlocutory order.

█ It is elementary that no direct appeal will lie from an interlocutory order, unless an appeal therefrom be specifically authorized by statute. The specific question decided by this court in the original opinion is that article 2008, R. C. S., authorizing an appeal from an interlocutory judgment on a plea of privilege to be sued in the county of one's residence, does not include within its terms, and therefore does not authorize, an appeal from an interlocutory order, adjudicating the question raised by a plea to the venue, alleging that the suit is to "remove the incumbrances

upon the title to land, or to quiet the title to land," and is cognizable only in the county in which the land is located. In other words, holding that a review of the ruling of the court on the pleas to venue in the instant case must await an appeal from the final judgment entered in the suit. This conclusion follows our construction of the following related statutes:

"Art. 2007. A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.

"Art. 2008. Upon the filing of such controverting plea, the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege. Such hearing unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon. Either party may appeal from the judgment sustaining or over-ruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

Article 1995 declares that, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" (Here follows the exceptions authorizing a suit against a defendant in some county other than the county of his residence.) Subdivision 14 of article 1995, R. S., is one of these exceptions and reads: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

It is the enforcement of this exception to the general venue law in this state that appellants seek by their pleas to the venue of this suit.

The subject dealt with by article 2007, supra, is that of "a plea of privilege to be sued in the county of one's residence," and there is prescribed therein the allegations to be contained in a plea to secure the purpose for which such a plea is filed. It is provided therein that, when a plea of privilege contains the prescribed allegations is filed in the cause, it shall be prima facie proof of defendant's right to change of venue to the county of his residence. There is further prescribed in such statute the plea to be filed by the plaintiff, in order to make a contested issue of the allegations in the defendant's plea. In other words, article 2007 deals only with a plea to the venue of a suit that is instituted in some county other than the county of defendant's residence.

Article 2008 prescribes the procedure to be followed in the trial of the contested issue of venue, made by defendant's plea of privilege, and the plaintiff's controverting affidavit. The entire subject-matter of article 2007, supra, shows that the only issue to be tried on such hearing is whether the defendant has the statutory right to be sued in the county of his residence, or whether this right must be denied because of the existence of one or more of the statutory exceptions to such exclusive venue. Article 2008, supra, authorizes either party to appeal from an adverse judgment entered on this preliminary hearing. This right of appeal is restricted to an appeal from a judgment on a plea of privilege to be sued in the county of the defendant's residence, and the provisions of article 2008, supra, cannot be extended by construction to permit a separate appeal from an interlocutory judgment adjudicating any issue of venue than the one provided for in article 2007.

We are aware of the fact that, in the case of Knoles et al. v. Clark et al. (Tex. Civ. App.) 163 S. W. 369, and in other cases cited by appellants, Courts of Civil Appeals seemingly have taken jurisdiction of appeals from interlocutory judgments on questions of venue similar to the question in this case. The Knoles Case, however, was decided previous to the amending of the plea of privilege statute in 1917, for the first time specifically providing for an appeal from an interlocutory order, granting or denying a change of venue, to the county of defendant's residence. The question here raised does not seem to have been called to the attention of the court deciding any of those cases, was not discussed, and hence we do not consider such cases as controlling authority on the question in this case.

The motion for rehearing is overruled.