## PROTHRO et al. v. SMITH et al.
### No. 11238.

Court of Civil Appeals of Texas. Dallas. Nov. 10, 1934.

Rehearing Denied Dec. 15, 1934.

Carey M. Abney and M. M. O'Banion, both of Marshall, for appellants.

Wynne & Wynne, of Longview, for appellees.

BOND, Justice.

On the original submission of this case, we expressed an opinion that appeals to this court do not lie, in the absence of legislative grant, from interlocutory orders of a lower court on pleas to the venue which involve only the subject-matter of the suit, and that pleas of privilege brought under article 2007, R. S., are personal, invoking only the issue of venue originating from the residence of the pleader. Prothro et al. v. Smith et al., 57 S.W.(2d) 921. We based our conclusion on the clear reading of the statutes (Rev. St. Art. 1995, as amended [Vernon's Ann. Civ. St. Art. 1995] and Arts. 2007 and 2008), which, as we interpret them, authorize an appeal on action involving the domicile of the pleader and not on the exception provided for suits in some county other than the county of the defendants' residence. We were of the opinion that, the exceptions to the venue statutes, supra, being only jurisdictional matters, pleadings, based on the ground that the venue of the suit is not commenced in the proper county by virtue of the exceptions, are only pleas in abatement, and the action of the court thereon could only be reviewed by this court by assignments brought up in the original suit.

In view of the fact that Courts of Civil Appeals have taken jurisdiction on appeals involving questions of venue based only on the subject-matter of the suit, we, on our own motion, certified the question to the Supreme Court. The Supreme Court, in the case of Shell Pet. Corp. v. Grays, 122 Tex. 491, 62 S.W.(2d) 113, took occasion to express an opinion that it was not in accord with our holding, and, bowing to their superior authority, we have withdrawn the certification, and the appeal is now considered on its merit.

The only question for our determination is whether or not the suit is one involving "the recovery of land, or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands," as provided in subdivision 14 of article 1995, R. S., an exception to our venue statute, cognizable only when a plea of privilege is properly presented in the county in which the land is located.

The nature of this suit, necessarily reflected by the pleading, is that the land involved is located in Gregg county; that one of the defendants, Obie Prothro, resides in Kaufman county, the county in which the suit was instituted, and the other defendants reside in counties not involved here; that the plaintiffs, Erwin Smith and J. J. Parks, purchased from Obie Prothro an oil, gas, and mineral lease in and under the land in question, agreeing to pay therefor the sum of $1,000, secured by an implied vendor's lien against the estate on condition that the legal title to the leasehold is found, on Parks' investigation, to be sufficient in the grantor to convey title; that, during the time allowed for the investigation, the grantor, Obie Prothro, conveyed to the other defendants herein an apparent interest in the property, and did otherwise becloud the title to the leasehold estate; that, up to the date of the transfer of the leasehold from Prothro to Parks, plaintiffs became satisfied with the legal title, and are ready to comply with the contract by the payment of the $1,000, if and when the court should determine to whom it should be paid, and, when paid, plaintiffs seek to have the implied vendor's lien and all clouds in title arising out of the subsequent transfers from Obie Prothro to the other defendants removed and plaintiffs' title be quieted, and, in the alternative, plaintiffs invoked a clear statutory plea of trespass to try title, setting out all the necessary and formal averments for such action, and for damages for ouster, praying for the title and possession of the leasehold estate, the removal of the clouds in title, and for damages.

The defendants other than Prothro filed pleas of privilege, which are quoted in our former opinion [57 S.W.(2d) 921], and which were duly controverted by the plaintiffs, setting out the nature of the suit, as above recited. On hearing, the court overruled the pleas of privilege.

The record in this case, we think, clearly shows that this is an action, in statutory form, in trespass to try title regarding an oil, gas, and mineral lease, to cancel a lien or claim thereon and removal of clouds upon the title to said lease. Thus it is an action to remove incumbrances on the title to land, and, under the venue exception (article 1995, subd. 14), and the holding of the Supreme Court in Shell Pet. Corp. v. Grays, supra, the suit must be brought in the county in which the land is situated; therefore appellants' plea of privilege should have been sustained.

Appellants' second motion for rehearing is granted, judgment of the lower court is reversed, and the cause is ordered transferred to Gregg county, Tex.

Reversed, with instructions.