## WRIGHT v. AUSTIN, State Banking Com'r et al.   (No. 7853.)

Court of Civil Appeals of Texas. San Antonio. Jan. 4, 1928.

1. **Appeal and error** ⊛⇒960(3)—**Pleading** ⊛⇒353—**Rejecting pleadings lies within trial court's discretion, and appellate courts will not disturb trial court's rulings except for clear abuse.**

Rejection of pleadings lies within discretion of trial court, and appellate courts will not disturb rulings of trial courts thereon except in case of clear abuse of that discretion.

2. **Pleading** ⊛⇒353—**Striking amended answer filed on day of trial in so far as affirmative demand was sought for first time against codefendant held not abuse of discretion.**

Where defendant on day cause was finally called for trial filed amended answer in which he sought for first time to recover against codefendant, court's action in striking pleading in so far as affirmative demand was therein sought against codefendant *held* not abuse of discretion.

3. **Alteration of instruments** ⊛⇒13—**Where negotiable instrument is innocently altered to show true· intention, instrument as altered may be ratified by payor's conduct.**

Where alteration of negotiable instrument is innocently made for purpose of showing true intention of parties, or, if it is not fraudulently made, to injure payor or benefit payee, instrument in its altered form may be ratified by conduct of payor, and in such case it is enforceable as written.

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Alteration of instruments ⊚⟳20, 23—Where there is no ratification of negotiable instrument innocently altered, instrument is void, but payee may recover original indebtedness, with interest.**

Where there is no ratification of negotiable instrument altered innocently for purpose of showing true intention of parties or without fraudulent intent to injure payor or benefit payee, such instrument is void and unenforceable, but payee may, under appropriate pleadings, recover original indebtedness, with interest.

**5. Alteration of instruments ⊚⟳27(3)—Ordinarily, burden rests on party possessing altered negotiable instrument to explain alteration or exculpate himself from guilt.**

Ordinarily, burden rests on party in possession of an altered negotiable instrument to explain alteration or exculpate himself from guilt.

**6. Alteration of instruments ⊚⟳30—Issue for jury of good faith in altering note could be raised by circumstantial evidence.**

Direct evidence was not necessary to raise issue of good faith in altering note as to place of payment, as good faith could be shown by circumstantial evidence as well.

**7. Alteration of instruments ⊚⟳30—Assumption that payee altering note did so fraudulently, being foundation of judgment and being unwarranted, could not support judgment for payor.**

Where fact that payee made alteration in note ,was found by jury on sufficient evidence, trial court's assumption that payee fraudulently altered instrument being foundation of judgment for payor and being unwarranted could not support judgment.

**8. Trial ⊚⟳351(2)—Payee's good faith in altering note, raised by circumstantial evidence, should have been submitted to jury whether requested or not.**

Where defense to note was that it had been materially altered, question of payee's good faith in altering note, being raised by circumstantial evidence and being material, should have been submitted to jury, whether requested by parties or not.

**9. Appeal and error ⊚⟳1062(2)—Refusal to submit to jury question of payor's ratification of payee's alteration of note held reversible error.**

Refusal to submit to jury question whether payor, by continuing to make payments on altered note, ratified payee's alteration of note, *held* reversible error.

**10. Limitation of actions ⊚⟳202(2)—In absence of showing cause of action claimed to be barred by limitations was first set up in trial pleading, court will presume cause of action was set up in original pleadings, not in record.**

In absence of showing that cause of action claimed to be barred by statute of limitations was first set up in amended pleading on which case was tried, appellate court will presume that cause of action was set up in original pleadings, which were not in record on appeal.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by Chas. O. Austin, State Banking Commissioner, against G. G. Wright, as receiver for the United Home Builders, Horace Cathey, and others, in which the receiver reconvened and defendant Horace Cathey filed cross-action. From the judgment, the receiver appeals. Reversed and remanded.

John W. Pope. and J. Lee Zumwalt, both of Dallas, for appellant.

V. B. Harris, of Quitman, Jones & Jones, of Mineola, and R. E. Bozeman, of Quitman, for appellees.

SMITH, J. B. F. Cathey owned certain land in Wood county which was heavily incumbered with liens to secure debts evidenced by Cathey's promissory notes. On June 28, 1921, Cathey conveyed the land to his son, Horace Cathey, who assumed the existing indebtedness upon the property.

On November 15, 1922, Horace Cathey borrowed money from the United Home Builders, a so-called trust estate, with which to pay off the existing indebtedness against his land, and the money thus obtained was so applied. As evidence of this obligation Cathey executed and delivered to the trustees of the Home Builders his note in the sum of $11,050, together with a deed of trust upon said lands to secure the payment of the note. Subsequently the United Home Builders concern became involved, and its affairs were placed in the hands of G. G. Wright, as receiver, who is still acting in that capacity, and administering upon those affairs.

On February 5, 1924, the banking commissioner of the state of Texas, as administrator of the affairs of the then defunct Farmers' & Merchants' State Bank of Quitman, recovered judgment against B. F. Cathey, in the sum of $15,246.70, upon a debt Cathey owed said bank. An abstract of this judgment was duly recorded in Wood county in June, 1925, with the purpose of fixing a judgment lien upon all lands owned by B. F. Cathey in that county.

Subsequently, the banking commissioner instituted this suit against the Catheys, the receiver, and others, setting up the facts that he had obtained said judgment against B. F. Cathey; that an abstract of the judgment had been duly recorded, thereby creating a lien upon Cathey's lands; that the conveyance of said lands to Horace Cathey by his father, who was insolvent, had been made for the purpose of defrauding and hindering B. F. Cathey's creditors, and was therefore ineffectual to pass title, or to avoid the force of the judgment lien; that the United Home

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Builders was an illegal entity, was operating without authority of law, and was not entitled to the deed of trust lien which it was then threatening to foreclose. Accordingly, the banking commissioner prayed for foreclosure of its claimed judgment lien. Judgment was rendered against the commissioner, however, and, as he has not appealed, he is out of the case for all purposes.

But G. G. Wright, as receiver for the United Home Builders, reconvened in the suit, and prayed for judgment against Horace Cathey for the amount of the latter's note, as well as for foreclosure of the deed of trust lien held by him to secure said note. And Horace Cathey urged a cross-action in which he sought to defeat the receiver's suit through allegations (1) denying that he executed or authorized the execution of the note sued on by the receiver; or (2) that if he did execute the note the same had since been materially altered in that in the face of the note the place of payment had been changed from "Dallas, Texas," to "St. Louis, Mo."; (3) that the action was barred by the statutes of limitation, as well as other defenses to be noticed when necessary.

The cause was tried by jury, although the court submitted to them the sole issue of whether or not the note sued on was altered in the particular alleged. The jury answered this issue in the affirmative, upon evidence deemed sufficient to support the finding. The court rendered judgment against Receiver Wright, and in favor of Horace Cathey, canceling the deed of trust sought to be enforced by Wright, and removing cloud from his title to the land affected by the lien. Wright has appealed.

[1, 2] It appears that upon the day this cause was finally called for trial appellant filed an amended answer in which he sought for the first time to recover over against his codefendant, the First National Bank of Quitman. Upon motion this pleading, in so far as affirmative demand was therein sought against the bank, was stricken out, upon the ground, apparently, that the interposition of that demand at that juncture would result in a continuance of the case. It does not appear from the record when the suit was originally instituted; the cause was tried upon the second amended and supplemental petitions of the plaintiff, and the second amended and supplemental answers of appellant as defendant, and we are thus deprived of any facts or circumstances by which we could pass upon the reasonableness of the discretion exercised by the trial court in rejecting appellant's pleading. Such matters are intrusted by law to the discretion of the trial court, and appellate courts will not disturb the rulings of trial courts except in case of clear abuse of that discretion, which is not shown here. We must overrule appellant's complaints of this ac-

1 S.W.(2d)—45

tion of the court below, as embraced in his seventeenth proposition of law. Certain exceptions to this pleading were also sustained by the court, and complaint thereat is made in appellant's eighteenth proposition. It is not deemed necessary to go into the questions raised in that proposition, since the action of the court upon those exceptions was secondary to the controlling action in striking out the pleading as a whole, and therefore becomes immaterial, upon which ground the eighteenth proposition will be overruled.

As stated, the jury found that the note sued on was altered after it was executed by appellee. As written and executed the note was made payable at Dallas; after it was delivered to the Home Builders concern it was altered so as to provide that it be payable at St. Louis, Mo. Giving effect to this fact, as we are obliged to do in deference to the jury finding, it becomes necessary to decide if this alteration was so material as to violate the obligation. The act of alteration is not circumstantially shown, but the record at large shows that at about the time the note was executed, the payee, the Home Builders Company, moved its home office from Dallas to St. Louis; that it was provided in the deed of trust given to secure the note that the obligation should be payable at the home office of the company. Appellant seizes upon the argument that the actual understanding and express contractual agreement of the parties contemplated that the note was to be paid at the home office of the company, wherever it was, and that when the office was moved from Dallas to St. Louis the spirit of the contract between the parties required a change in the place of payment to the new domicile, and that if the note was altered as alleged such alteration was but in conformity to the contractual agreement. Appellant also contends that the alteration was not fraudulently done, and could not possibly result in injury to appellee, as obligor; that it was in fact beneficial to appellee in that under the original provision appellee, a resident of Wood county, could have been haled into court in Dallas, a distant county, in a suit upon the note, whereas, under the provision as altered, venue of a suit upon the note would have laid only in appellee's home county, where he would have had the benefit of having his case determined by his friends and neighbors. Appellant contends, therefore, that the alteration, if effectuated, was not material, resulted in no injury to appellee or benefit to appellant, and cannot be given the effect of relieving him of the whole obligation.

[3] It seems to be true, as a general rule, that the alteration of a negotiable instrument so as to change the place of its payment is a material alteration. 2 C. J. p. 1201, § 48. But if the alteration is inno-

cently made for the purpose of showing the true intention of the parties, or if it is not fraudulently made to injure the payor or benefit the payee, the instrument in its altered form may be ratified by the conduct of the payor, and in such case it is enforceable as written. Matson v. Jarvis, 63 Tex. Civ. App. 376, 133 S. W. 941.

[4, 5] If there be no ratification of the instrument altered under such conditions, such instrument is void and unenforceable, but the payee may nevertheless, under appropriate pleadings, recover the original indebtedness, with interest. Baldwin v. Bank, 104 Tex. 122, 133 S. W. 864; 134 S. W. 1178; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56. Ordinarily, the burden rests upon the party in possession of an altered instrument to explain the alteration, or exculpate himself from guilt. Bowser v. Cole, 74 Tex. 222, 11 S. W. 1131.

[6-8] So, in this case appellant, seeking to enforce the altered instrument, was in possession thereof, but, denying any knowledge of the alteration and refuting the fact thereof, offered no direct evidence of the fact or purpose of the alteration, or in justification of it. But direct evidence was not necessary to raise the issue of good faith, which may be shown by circumstantial evidence as well. We conclude that the circumstantial evidence did efficiently raise that issue in this case, for the record at large negatives any improper motive which could have induced the payee to make the alteration; it negatives the existence of any benefit to be derived by him, or any injury that could result to the payor, because of the alteration. The contrary effects are inferable from the record. It follows, then, that the record did not warrant the assumption by the trial court that the payee fraudulently altered the instrument, notwithstanding the fact that he did make the alteration was found by the jury, upon sufficient evidence. This assumption is the foundation of the judgment, and, being unwarranted, cannot support the judgment. The question of good faith was essentially one for the jury, and, going to the very vitals of the case, should have been submitted to the jury, whether requested by the parties or not.

[9] The record further bears substantial evidence that notwithstanding appellee soon learned of the alteration he continued to make payments upon the altered instrument, and so conducted himself as to warrant a finding that he ratified the instrument in its altered form. The court refused to submit the issue of ratification to the jury, although requested to do so by appellant, who now complains of this ruling. We conclude that the court erred in this course, and, the error being vital, the judgment must be reversed. •

[10] The question of limitation is in the case, but does not control the appeal. If upon another trial the note is found to be void and unenforceable, the alternative action upon the original obligation may be subject to the bar, according to the developed facts. It is not affirmatively shown to be so in this appeal. The case was tried upon amended pleadings, in substitution of original and amended pleadings. The original pleadings are not in the record, and the date of the filing of appellant's suit is not shown. Appellee seeks to measure limitation from the date of the filing of the trial pleadings, which cannot be done without affirmatively showing that the cause of action claimed to be barred was first set up in the pleading relied upon. In the absence of such showing it will be presumed that that cause of action was set up in the original pleadings, and it does not appear when they were filed.

The judgment must be reversed and the cause remanded for another trial.