## JASON WEILER & SONS v. HASKELL NAT. BANK. (No. 522.)

Court of Civil Appeals of Texas. Eastland. Jan. 11, 1929.

Jas. P. Kinnard, of Haskell, for appellants.

Clyde Grissom and Murchison & Davis, all of Haskell, for appellee.

HICKMAN, C. J. Appellants are a partnership engaged in the sale of jewelry at wholesale and retail, having their place of business in Boston, Mass. Appellee is a national banking corporation, having its place of business in Haskell, Tex. Appellants had a rule of business under which, when a customer purchased a diamond from them and desired later to purchase a larger and more expensive one, they would accept a return of the former as a payment upon the latter at the price at which the former was sold. Some time prior to December, 1923, F. L. Peavy, of Haskell, purchased from appellants a diamond costing $225. On December 14, 1923, appellants, at their place of business, received from Peavy an order for one blue-white diamond ring to be sent to the appellee bank for delivery to the said Peavy at the agreed price of $318. On the same day appellants shipped to appellee by registered mail the $318 diamond. Accompanying such shipment was the following letter or invoice:

"Jason Weiler & Sons

"Established 1870

"Diamond Importers, Manufacturers, Wholesale and Retail Jewellers.      69163.

"26699.

"Boston, Mass., Dec. 14, 1923.

"If any of these goods are to be returned, send by registered mail or express, place value of $50.00 and return at our risk, as we are covered by Lloyd's Insurance.

"[Printed in red ink and underscored in red ink and in capitals:] DO NOT RETURN BY INSURED PARCEL POST"

"To Haskell National Bank, Haskell, Texas.

"At the request of Mr. F. L. Peavy, Has-

kell, Texas, the following articles are being sent to you by registered mail and are enclosed herewith:

"141352 1 diamond ring (Catalog style 2080) $318.

"Upon payment of price as tabulated above, kindly deliver the selection to above named party, and after · deducting your usual collection fee, please mail draft to us.

"Thanking you for your attention to this, we are,

"Yours truly, Jason Weiler & Sons,
"G. Weiler.

"After inspection and selection have been made, please do not delay. Return to us.

"(ANY OF THIS SHIPMENT MAY BE SELECTED.)"

After receipt of the diamond by the appellee bank, Peavy explained to the bank that he had the right to return the $225 diamond as a credit on the larger one and promised to protect the bank from any loss in the event it accepted said diamond as such credit. Whereupon the bank delivered the $318 diamond to Peavy, receiving therefor the $225 diamond and $93. It then deducted 50 cents for its charges and remitted to appellants $92.50. At the same time it sent to appellants by parcel post, insured for $50, the $225 diamond which had been delivered to it by Peavy. The parcel post package was broken in transmission and the diamond removed therefrom. Appellants collected the amount of insurance, $50, from the postal authorities and brought suit against appellee for $175, said amount being the value of the ring sent by appellants to appellee, $318, less $93 paid by Peavy to the bank, and less $50 received by appellants as insurance.

Upon the trial of the case, at the conclusion of appellants' testimony, appellee filed a motion for an instructed verdict; the grounds therein stated being: (1) The evidence was insufficient to prove the contract pleaded by the plaintiffs and fails to show that the defendant or any one by it authorized ever received the diamond ring which plaintiffs alleged they shipped to the defendant; and (2) because it is manifest that the contract alleged and attempted to be proved is without the scope of the corporate powers of the defendant and is ultra vires, and in no wise binding on the defendant, and is in law one for the breach of which no liability could be fixed against the defendant. This motion was granted, and the jury was instructed peremptorily to return a verdict in favor of the defendant, and from the judgment entered in accordance with such instructed verdict, this appeal is prosecuted.

▮ The case is briefed in this court by appellants only. We are therefore presented no theory upon which the court's action in instructing a verdict might be upheld, except those grounds disclosed in the motion for peremptory instructions. The judgment cannot be upheld on the first ground of the motion. Appellants did offer evidence of probative force in support of the essential allegations of their petition. There was abundant evidence offered to establish the fact that appellee received the $318 diamond. Among other evidence introduced on that issue was a letter from appellee, signed by its cashier, which opened with the following sentence: "We are in receipt of your letter advising that the ring which we mailed you in exchange for a larger one for one of our customers, Mr. F. L. Peavy, had been taken from the box when it reached you." That letter alone was sufficient evidence to support the allegations of the petition on that issue.

▮ Considering the second ground of the motion, we do not think the court was justified in peremptorily instructing a verdict against appellants on the ground that the original· contract was ultra vires. In answer to appellee's pleading, in which this defense was set up, appellants filed a supplemental petition, in which estoppel was pleaded against appellee to interpose such defense. We think this plea of estoppel was good. Conceding, for the sake of disposing of this question, that the contract between appellee and appellants was such a contract as is not authorized to be entered into by a national banking corporation, still the facts disclose that such contract had been fully executed by appellants, and appellee had been benefited thereby, in that it retained out of the money in its hands its own named charge for handling the transaction, and ·by so doing it created an estoppel against itself to assert the defense of ultra vires. Texas W. R. Co. v. Gentry, 69 Tex. 625, 8 S. W. 98; Bond v. Terrell, etc., Mfg. Co., 82 Tex. 309, 18 S. W. 691; First National Bank of Greenville v. Greenville Oil & Cotton Co., 24 Tex. Civ. App. 645, 60 S. W. 828; San Antonio Hardware Co. v. Sanger (Tex. Civ. App.) 151 S. W. 1104 (error refused); Dexter v. First Guaranty State Bank (Tex. Civ. App.) 180 S. W. 1172.

▮ In view of another trial of this cause, we think it proper to suggest that in our opinion appellants could clarify the issues by amending their petition. It would seem to us that, while the petition does state all of the facts and circumstances with reference to the transactions of the parties, yet when it is sought to determine the particular theory upon which appellants base their claim of liability against appellee, there is some confusion. It appears to us that the theory adopted is that the bank had no authority in connection with the handling of the $318 diamond except to deliver same to its customer, Peavy, and accept therefor $318 in cash, and that it is liable to appellants for all the damages suffered by them because of its violation of these instructions. We do

not think appellants are in a position to recover upon this theory. Clearly the bank was not authorized by appellants in their letter above copied to deliver the ring upon the receipt of $93 and a $225 diamond, but appellants, with full knowledge, accepted the $93 payment, less the charge of 50 cents deducted by appellee, and have collected $50 insurance from the postal authorities on the $225 diamond. By so doing they have ratified and confirmed the exchange between the bank and Peavy, and are not entitled to a recovery for that particular breach of duty. Appellee's liability must rest, if at all, upon the manner in which it undertook to return the $225 diamond, and not upon its unauthorized act in exchanging the larger diamond for the smaller one. The petition should also clearly disclose whether such liability is claimed for breach of contract or for negligence.

The judgment of the trial court will be reversed, and the cause remanded.