## SNYDER v. STOKES.
### No. 8521.

Court of Civil Appeals of Texas. San Antonio.
Dec. 24, 1930.

Rehearing Denied Feb. 4, 1931.

See, also, 29 S.W.(2d) 764.

Jas. G. Cook, of Sinton, and M. A. Childers, of San Antonio, for appellant.

W. B. Moss, of Sinton, and J. D. Todd, of Corpus Christi, for appellee.

FLY, C. J.

This suit was instituted by appellee against appellant to recover damages in the sum of $11,400. The recovery was sought on the grounds that appellant had breached a rental contract for certain premises in Ingleside, that an attachment was unlawfully issued and levied on appellee's property, and also for the unlawful filing of forcible detainer proceedings. Appellant, through a cross-action, sought to recover rent and other sums aggregating $8,292.

The cause was submitted to a jury on special issues, and, upon the answers thereto, judgment was rendered in favor of appellee for $4,207.27.

In answer to the special issues, the jury found the damages arising from different causes, $1,082.27 actual, and $3,125 exemplary, damages. The exemplary damages were based on the finding of the jury that a writ of attachment was wrongfully and maliciously secured by appellant and levied upon the property of appellee. The actual damages were found also by reason of the seizure of appellee's property through the writ of attachment.

The statement of facts contains over one hundred pages, and the brief of appellant is equally voluminous, containing 30 assign-

ments of error, with a proposition under each of them.

■■ The first proposition assails the petition, and complains that the general demurrer against the original petition should have been maintained, because there was no charge of malice in obtaining the attachment, nor any allegation of probable cause for the issuance thereof. To authorize the recovery of damages for issuance of an attachment and seizure of property thereunder, it must be alleged and proved that the writ was maliciously obtained and without probable cause. The two elements must concur in the issuance of the writ. 5 Tex. Jur. § 201; Biering v. Nat. Bank, 69 Tex. 599, 7 S. W. 90; Faroux v. Cornwell, 40 Tex. Civ. App. 529, 90 S. W. 537. The petition failed to allege malice in terms, although it might be read by intendments into allegations when it was assailed through a general demurrer. There was no allegation of the attachment being without probable cause, which was essentially necessary to form a basis for damages. The first proposition is sustained.

■ The fifteenth proposition, so far as it claims that malice and action without probable cause must concur and must be alleged and proved, is sustained. We further hold that the question of malice and probable cause must be submitted clearly to the jury, as well as actual and exemplary damages.

There are 31 propositions, the substance of which could have been compressed into 5 or 6. They are all overruled, except in so far as herein stated.

■ Appellant would not be liable for the wrongful or oppressive acts of the officer while seizing or holding the property of appellee, unless the acts of the officer were done under instructions of appellant or afterwards adopted and ratified by him.

For the errors indicated, the judgment is reversed, and the cause remanded.