## WHITE et al. v. PEARSON.
### No. 7903.

Court of Civil Appeals of Texas. Austin.
Jan. 24, 1934.

Annie Justice Swaim and Emsy Swaim, both of Eden, and Frank Hartgraves, of Menard, for appellants.

Adkins & Adkins, of Brady, for appellee.

BAUGH, Justice.

Appellants, as assignees thereof, brought suit against T. E. Pearson as maker, on a series of ten vendor's lien notes for the aggregate principal sum of $15,500, for interest and attorney's fees, and for foreclosure of their vendor's lien on 329 acres of land in Concho county, in part payment for which said notes were executed by Pearson. Under allegations that the land would not sell for enough to pay said indebtedness of T. E. Pearson to them, they also sued out a writ of garnishment against C. E. Pearson, brother of T. E. Pearson. In the main case, T. E. Pearson admitted liability on said notes and did not contest the foreclosure. Judgment was accordingly rendered against him for $20,811.42, and for foreclosure of said lien, and the land ordered sold. No complaint is made of that judgment and no appeal taken from it.

In the garnishment proceeding, which was docketed and heard separately from the main case, before the court without a jury, C. E. Pearson answered that he owed nothing to his brother T. E. Pearson, defendant in the main suit. This answer was controverted by the appellants, and the issues so made were tried separately. After a hearing the trial court discharged the garnishee, C. E. Pearson, from which judgment this appeal is prosecuted. The pertinent facts involved will be

stated in the discussion of the issues presented.

■ The first contention made is that the trial court erred in docketing and trying separately the garnishment proceeding. There is no merit in this. The statutes expressly provide for such method of procedure. Articles 4079 and 4094, R. S. 1925. While it has been held that failure to do so is but an irregularity not fatal, such cases are not in derogation of the express terms of the statutes. In the instant case the propriety of following the statute as to docketing and trying the garnishment proceeding separately is apparent. Appellants in the main case sought and were awarded a foreclosure of their lien, sale of said lands, and the application of the proceeds therefrom directed to be applied on their debt against T. E. Pearson. Under the holding of the Commission of Appeals in Teague v. Fairchild, 15 S.W.(2d) 585, even if T. E. Pearson, garnishee, were indebted to C. E. Pearson, appellants could not have recovered a judgment in the garnishment suit for any definite sum, unless and until they had sold the lands foreclosed upon, had applied the proceeds therefrom on their debt against T. E. Pearson, and the proceeds were insufficient to discharge such debt. Then, of course, they would be entitled to make such balance under execution, or through the writ of garnishment. They could, of course, make no more than such balance in this manner. Consequently the court could not render a judgment against the garnishee until that balance was ascertained.

■ Appellants' next contention relates to the exclusion of evidence. In this we think the trial court erred. The grounds upon which appellants controverted the garnishee's answer that he owed his brother T. E. Pearson nothing were that said T. E. Pearson held a note signed by C. E. Pearson, garnishee, payable to him, for the sum of $6,680, secured by a vendor's lien on 348 acres of land in Concho county, due February 1, 1931; and that in November, 1931, for the fraudulent purpose of defeating his creditors he released same and the lien securing it to his brother without consideration. C. E. Pearson answered that at the time of such release his brother owed him $2,150 on open account, and that in consideration of the cancellation of this open account, T. E. Pearson released the $6,680 vendor's lien note owing to him by said garnishee. It is not controverted that T. E. Pearson was insolvent at the time he executed the release attacked as fraudulent, and that his brother, C. E. Pearson, knew such fact. If, on the other hand, C. E. Pear-

son was solvent and able to pay his $6,680 obligation to his insolvent brother, the $2,150 unsecured open account which such insolvent brother owed to him and was unable to pay would as a matter of law be a wholly inadequate consideration, for the release of the $6,680 note as against creditors of T. E. Pearson, and as to such excess the release was wholly without consideration. The issue of fraud thus being specifically made by the pleadings and the evidence in the garnishment proceedings, and the adequacy of the consideration for such release attacked, the appellants were entitled to show what property subject to execution C. E. Pearson, the maker of the $6,680 note, had from which T. E. Pearson could have collected said note. The particular evidence excluded, of which complaint is made, related to the number of sheep he owned; and the trial court erred, we think, in excluding it. 27 C. J. 806; 20 Tex. Jur. 588.

Appellants next contend that the trial court erred in discharging the garnishee because the evidence clearly showed such an inadequacy of consideration for the release by T. E. Pearson of the $6,680 note as to constitute it fraudulent against creditors as a matter of law.

■ The financial condition of C. E. Pearson was not fully shown by the evidence. The case appears not to have been fully developed in that respect. Hence we cannot say, as a matter of law, whether the transactions between him and T. E. Pearson constituted such a fraud upon creditors that it should be set aside. Undoubtedly T. E. Pearson had a right to prefer his brother as a creditor to the extent of the $2,150 he owed him; but he could not in satisfaction of that debt convey to him property, or release him from a valid and collectible debt (which is in effect the same thing), of more than three times that amount to the prejudice of other creditors. He was entitled, of course, to release C. E. Pearson's debt to him to the extent of the $2,150 he owed C. E. Pearson. This could readily have been done by a credit upon the note he held. Elser v. Graber, 69 Tex. 222, 6 S. W. 560; Coughran v. Edmondson, 106 Tex. 540, 172 S. W. 1106, 1107. In the latter case the rule announced by Judge Phillips is: "A creditor of an insolvent debtor may receive property for his debt if not more than reasonably sufficient in value to discharge it; but where the value of the property materially exceeds the debt, the transaction is deemed fraudulent in law, since its necessary effect is to place the surplus beyond the reach of creditors."

See, also, 20 Tex. Jur. §§ 76 and 77, pp. 436 to 439, and numerous cases there cited.

The $6,680 note was secured by a second lien on 348 acres of land. But the value of that note was not dependent entirely upon whether the security were sufficient to discharge both the first and the second liens. It still remained the personal obligation of C. E. Pearson, and even though the security should be insufficient to discharge it, if collection thereof could be enforced out of other property of said Pearson subject to execution, it still remained an obligation worth its face value.

For the reasons stated, the judgment of the trial court discharging the garnishee is reversed, and the cause remanded for trial in accordance with this opinion.

Reversed and remanded.