## TEXAS STATE MUT. FIRE INS. CO. v. FARMER.

### No. 4686.

Court of Civil Appeals of Texas. Texarkana.

May 16, 1935.

Rehearing Denied May 30, 1935.

Neary & Rogers, of Dallas, for appellant.

B. Ray Smith, of Dallas, for appellee.

HALL, Justice.

Appellee brought this suit in Fannin county, Tex., on an oral contract of fire insurance in the sum of $1,000, alleging that on the 12th day of December, 1930, appellant's agent, one P. H. Gross, and appellee entered into an oral contract whereby appellee's storehouse, fixtures, and stock of goods were to be insured from loss by fire, from 12 o'clock noon December 12, 1930. On the date the alleged oral contract of insurance was entered into between appellee and appellant, appellee signed an application for insurance and offered to pay the premium therefor; said premium being refused until Agent Gross could ascertain the correct charge to be made on appellee's new stock of goods. Appellee alleged that the agent Gross had actual and apparent authority to make the contract of insurance sued on, and in the alternative, if he be mistaken as to the agent's authority, then appellant was estopped to deny the agent's authority. Appellee alleged further that appellant was liable on said oral contract of insurance for the reason that it failed to notify him of the rejection of the written policy applied for.

Appellant answered by general demurrer, general denial, and specially denied that the agent had either actual or apparent authority to make any contract of insurance binding the appellant. Alleging further that Agent Gross' authority was limited to the taking of applications for insurance as a preliminary step in making the insurance contract.

In the early morning of December 15, 1930, appellee's storehouse and fixtures and stock of goods were completely destroyed by fire.

A trial was had to a jury on one special issue which was answered favorably to the appellee. Judgment was entered for appellee in the trial court, from which appellant prosecutes this appeal.

Appellant by a timely motion requested an instructed verdict, which was by the trial court refused, and filed an exception to the single issue found in the court's charge to the effect that said issue wrongfully placed on it the burden of proof, which exception was overruled.

There was no error in these rulings. In our judgment, the evidence taken on the whole was amply sufficient to support the judgment of the court. The appellee, and three apparently disinterested witnesses, testified to the oral contract of insurance. This testimony was not denied. They also testified without contradiction that the storehouse, fixtures, and stock of goods were totally destroyed by fire on December 15, 1930.

The single special issue submitted by the court was: "Do you find from the preponderance of the evidence that the application for insurance signed by plaintiff Farmer contained these words: 'This application shall not be construed as a contract of insurance as against said Company, until the same shall be approved by the Home Office, which approval shall be evidenced by the issuance and delivery of their policy.' Let your answer be: 'It did contain said words,' or let your answer be: 'It did not contain said words,' accordingly

as you may find the fact to be." The appellant alleged that its agent, Gross, was simply soliciting agent whose duty was to take applications for insurance and forward them to the general office of appellant at Dallas, Tex. Its proof was to the same effect. It introduced a copy of its three types of applications to establish that the clause inquired about in said special issue was contained in each of these applications. This evidence was contradicted by appellee and his witnesses, the appellee stating positively that said clause was not in the application signed by him, and the daughter of the agent, Gross, and a former agent of the appellant testifying that they did not recall this clause being in appellant's application blanks. Whether the clause inquired about in said special issue was contained in the application signed by the appellee was a matter of defense on behalf of appellant. Thus it seems to us that the trial court correctly placed the burden of proof on the appellant.

Complaint is made by appellant to the effect that no issue was submitted to the jury on the question of Agent Gross' apparent authority to bind it by entering into a contract of insurance. No issue was requested by either side embodying this question, and under the numerous authorities of this state said issue was either waived or presumed found by the court to support the judgment. If said issue be deemed an independent ground of recovery, or defense, and no submission is requested by the interested party, then no judgment could be rendered thereon. On the other hand, if said issue be supplemental, incidental, or subsidiary, and no submission is requested, then the trial court can find on said omitted issue in support of the judgment. Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708, 713: "We think it is now the settled rule in this state that where special issues have been submitted to the jury and findings made thereon that the trial court, under the statutes and decisions, if the facts justified it, could find on such omitted issues as are in accord with, and supplemental or incidental to, and which support the issues of fact which were submitted and found by the jury and upon which the judgment is based."

In the case of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, 1085, Judge Pierson, speaking for the Supreme Court, says: "It should be remembered that the special issue statutes and the provision under consideration relate and apply to '*special issues*' submitted to the jury, that is, separate and distinct *questions of fact or issues of fact* germane and material to the cause of action, or causes of action upon which the plaintiff relies for recovery or the defendant as a defense. These issues of fact or questions of fact, when found by the jury, are findings of fact upon which a judgment upon the pleadings and evidence may be based. It is a proper legal presumption that all correlated, supplemental, and supporting facts should be found in favor of a judgment, but separate and independent grounds of recovery not so submitted cannot be so presumed to exist, but must be held to have been waived by the party failing to ask their submission." Rose v. O'Keefe (Tex. Com. App.) 39 S.W.(2d) 877; National Aid Life Ass'n v. Murphy (Tex. Civ. App.) 78 S.W.(2d) 223; R. S. art. 2190, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190). Furthermore, the agency of Gross was admitted by appellant both in its pleadings and proof, and the question of his authority being limited to that of soliciting agent only was one of defense, and if an independent ground of defense it was waived; if incidental or subsidiary it will be considered as found by the court in such a way as to support the judgment.

We next consider appellant's assignment of error No. 4, complaining of the failure of the trial court to submit an issue to the jury on the loss or damage suffered by appellee, because the only evidence relative to the question of loss or damage was given by appellee himself. In the case of Trinity Gravel Co. v. Cranke, 282 S. W. 798, 801, Judge Nickels, speaking for the Commission of Appeals, states the rule in reference to this question as follows: "The insistence is made, however, that the fact of Cranke's and Chamblin's interest in the result of the litigation raised an issue about their credibility, with the consequence that the trial court had the right to disregard the parts of their testimony which were not contradicted, and in which alone some of the material facts have support. In favor of the judgment, it is said, a presumption of such a disregard exists. But that legislative action which removed the ancient common-law disqualification was tantamount to a declaration that testimony is not shorn of all probative force merely

because of the fact of interest. The incongruity of making competent evidence that which a trier of fact issues may arbitrarily disregard is manifest. The present case may be used as an illustration to give point to the incongruity, for none but interested parties testified on either side, and, if the rule were such as that claimed, the judge (in such a case tried with a jury) could not set the verdict aside, nor could it be reviewed on appeal. But here, as elsewhere, the rule is that the judge (acting without a jury), or a jury, may not 'lawfully deny proper weight to undisputed facts with no suspicion cast upon them.' Grand Fraternity v. Melton, 117 S. W. 788, 102 Tex. 399; Beene v. Rotan Grocery Co., 110 S. W. 162, 165, 50 Tex. Civ. App. 448; Malone v. Nat. Bank (Tex. Civ. App.) 162 S. W. 369. It is true that there may be found in the books statements to the effect that, absent corroboration, undisputed testimony of parties litigant may be given that disposition; but a statement of that import, wherever found, must be read with the context and the record to which it is directed, and, when that is done, it will be found (in most instances, at least) the court had in mind a situation where circumstances afforded an indirect contradiction, and the term 'undisputed,' as used, signified that there was no conflict directly raised by opposing affirmative testimony." To the same effect is the case of Golden v. First State Bank of Bomarton, 38 S.W.(2d) 628, 629, by the Eastland Court of Civil Appeals, in which it is said: "If it be conceded that said issues in the instant case were supported solely by the testimony of interested witnesses, it does not necessarily follow that the court erred in giving a peremptory instruction to the jury based thereon. *The testimony supporting the plaintiff's allegations in the above respect* is clear, direct, and positive, free from contradictions, inconsistencies, and circumstances tending to cast suspicion on the same." (Italics ours.) M. H. Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, and numerous other authorities cited in the Golden Case, supra.

With reference to the damages it is true the appellee relied solely on his own testimony which was uncontradicted. There is nothing appearing in his testimony that is vague or doubtful, but on the contrary, it is clear and to the point. His stock of merchandise, storehouse, and fixtures were new, having been built and set up but a few days prior to the fire. When called upon to give testimony relative to the market value of the storehouse, fixtures, and stock of merchandise, he does so without equivocation. No attempt is made by the appellant to contradict the appellee in his statements regarding the market value of these items or to refute his testimony in any detail. Furthermore, we think that considerable weight should be given to the opinion of the able judge who tried this case, who heard the testimony of appellee and observed his demeanor while testifying, as to whether his testimony was of such character as required a finding of the jury to make it truthful. Therefore, it is our opinion that the trial court properly considered this item of undisputed evidence of appellee in support of the judgment entered therein in his favor.

We have carefully considered the other assignments of error brought forward by appellant, and same are overruled.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

### On Motion for Rehearing.

Appellant filed its motion for rehearing, contending, among other things, that we erred in holding that the burden of proof on the question of agency rested on the appellant insurance company. We have made a careful examination of the authorities on this question, and it is our opinion that the motion should be granted. It seems to be the settled rule in this state that: "The person who alleges it [agency] has the burden of proving it by a preponderance of the evidence." Winter v. Morgan & Williams (Tex. Civ. App.) 256 S. W. 342; Tarver, Steele & Co. v. Pendleton Gin Co. (Tex. Civ. App.) 25 S.W. (2d) 156; West Lbr. Co. v. Nash (Tex. Civ. App.) 243 S. W. 704.

Therefore, the motion of appellant for rehearing is granted, and the judgment of the trial court is reversed and remanded.