## KARR v. COCKERHAM et ux.

### No. 4756.

Court of Civil Appeals of Texas. Amarillo.

May 10, 1937.

Rehearing Denied June 28, 1937.

Jno. A. Coffee, of Hereford, and Royce A. Oxford, of Mission, for appellant.

Dameron & Dameron, of Hereford, for appellees.

STOKES, Justice.

This is the second appeal of this case, the opinion on the first appeal being found in (Tex.Civ.App.) 71 S.W.(2d) 905, 907.

The suit was filed by appellant Karr in the district court of Deaf Smith county to set aside two deeds of conveyance executed on the 2d day of August, 1930, by appellee, O. D. Cockerham, in which he conveyed to his wife, Hester L. Cockerham, certain property located in Deaf Smith county and two parcels of property located in Lamb county. For convenience, the Lamb county property will be designated as the Sudan Hotel and lot 14. Appellant sought, also, to subject the Lamb county property to an abstract of judgment lien based upon a judgment he held against O. D. Cockerham recovered in the district court of Deaf Smith county on the 2d of February, 1932. The abstract of judgment was filed in Lamb county on the 27th of January, 1933, and properly recorded and indexed. Appellant alleged that there was a balance of $3,000 due on the judgment and that, while Cockerham was indebted to appellant and, for the purpose of hindering and defrauding his creditors, and while the judgment was still in force and effect, O. D. Cockerham, on the 2d of August, 1932, conveyed to his wife, Hester L. Cockerham, the Deaf Smith county and the Lamb county property.

In their answer, appellees alleged that the Sudan Hotel was their homestead, occupied and claimed by them as such and had been so occupied and claimed since before the abstracting of the judgment and creation of the lien. They alleged that, while the recited consideration in the deeds was $10 and love and affection, the facts are that lot 14 in Sudan, Lamb county, was the separate property of Hester L. Cockerham, purchased and paid for with her separate funds and money which she had received from the estate of her deceased mother. That during the year 1917, she received from her father, in settlement of her portion of her mother's estate, the sum of $1,000 in cash, which was invested by her husband, O. D. Cockerham, in the S. W. ¼ of section 6, block 1, in Floyd county, and that no other money or property was paid on said quarter section by them except this $1,000. She alleged that thereafter her husband exchanged the quarter section for a labor of land in Lamb county, and that the labor of land was afterwards exchanged for lot 14, and all of the deeds conveying these various tracts to them were made to her husband, O. D. Cockerham; that the $1,000 belonging to her, being the only money or property which either she or her husband paid on any of the tracts or parcels involved in the various exchanges and the deeds having been taken in the name of her husband, a trust resulted in her favor and the deed executed by him on August 2, 1930, by which he conveyed lot 14 to her was made for the purpose of merging the equitable title to the property, which she had at

all times held, with the legal title thereto which was held by her husband.

She alleged in the alternative that, if it be found that her husband did not hold the title in trust for her, then the $1,000 which she had received from her mother's estate had been loaned to him and the conveyance of August 2, 1930, was for the purpose of paying the debt. They alleged that the deeds were made in good faith and denied they were made in fraud of the creditors of O. D. Cockerham and also denied that the value of all the property conveyed to her was in excess of the amount of her debt.

The case was tried before a jury upon special issues and an analysis of the verdict shows that the jury found that appellees moved out of their former homestead before July 5, 1932, and, when they moved out, they intended to occupy the Sudan Hotel as their home; that the money received by Hester L. Cockerham from her mother's estate was the only money or property that paid for lot 14. That Cockerham, in executing the deeds to his wife, did not intend to hinder his creditors and that he was indebted to her at the time he conveyed to her the Sudan Hotel and that his indebtedness to her was the consideration for the conveyance of the hotel property. That his indebtedness to her was also the consideration for his conveyance of lot 14. The jury also found that the value of the hotel was not more than his indebtedness to her and likewise the value of lot 14 was not more than such indebtedness.

Special issue No. 3 was as follows:

"Do you find from the preponderance of the evidence that the money and property, if any, received by Hester L. Cockerham from her father in settlement of her interest in her deceased mother's estate was the only money and property paid as the actual consideration for Lot 14 in block 19 of the Original Town of Sudan, Lamb County, Texas?" To which the jury answered, "Yes."

This special issue was objected to by appellant and the objection being overruled, it is assigned as error because it is on the weight of the evidence.

■ In the form in which it was submitted, the special issue assumes that Hester L. Cockerham received money from her mother's estate. There was no testimony to the fact that she did receive the $1,000 from her mother's estate except the testimony of Hester L. Cockerham and her husband, O. D. Cockerham, and they were both interested parties and parties to the litigation. It is the general rule that, where facts are testified to only by interested parties and the facts are favorable to them, the jury is not bound to accept their statements, even though they are not contradicted. The court, under such circumstances, is not warranted in assuming such statements to be true. There is an exception to the general rule, however, to the effect that, where the testimony of such parties is clear and satisfactory and free from contradictions and there are no circumstances which cast suspicion upon it, it is not reversible error if the court indulges the assumption and does not submit it. Texas State Mutual Fire Ins. Co. v. Farmer (Tex.Civ.App.) 83 S.W.(2d) 411.

■ The special issue also assumed that money and property of Hester L. Cockerham went into and formed at least a portion of the consideration for lot 14, when it was acquired by O. D. Cockerham. This was a closely contested issue. No one testified as to the mutations of the separate fund of Hester L. Cockerham except her and her husband, O. D. Cockerham, and neither of them made it clear by any means that O. D. Cockerham had taken her separate funds in trust. In fact, when they filed their answer in this suit, they were not certain whether he had taken the fund in trust or had borrowed it from her. In this respect, they alleged an express trust, a resulting trust and, in the alternative that she had loaned him the money or, at least, that he had used it as his own and was indebted to her for it. In order to preserve the fund as her separate property, it was necessary to maintain it in such manner as that it could be identified. As said by Judge Hall, in speaking for this court on the former appeal, "The burden was upon Mrs. Cockerham to trace the $1,000 in to the Sudan property. Diltz v. Dodson (Tex. Civ.App.) 207 S.W. 356; Spencer v. Pettit (Tex.Civ.App.) 268 S.W. 779; Id. (Tex. Com.App.) 2 S.W.(2d) 422. This she failed to do."

The record in the instant case is in no better condition in that regard than it seems to have been upon the former appeal. There was no testimony showing the values of the various pieces of property traded for by O. D. Cockerham nor the profits, if any, made on them when he exchanged them. When he purchased the S. W. ¼ of section 6 in Floyd county, he gave some notes as part of the purchase price. To

722

the extent of the notes, that land was community property, and, if, when he exchanged it, he made a profit on it, the proportion of the profit belonged to the community. If that were the case, then it goes without saying that the labor of land he received for the quarter section was in part community property and, if it formed the entire consideration for lot 14 in Sudan, then lot 14 was likewise partly community property. Upon all these matters depend a determination of the question of whether or not the separate funds of Hester L. Cockerham paid the entire consideration for lot 14. Furthermore, the question of whether or not O. D. Cockerham took the separate fund of his wife as a loan was in the case. If he did, then none of her money went into the purchase price of lot 14. It was paid for entirely by community funds because the loan itself would, in that event, be community funds and not the separate funds of the wife.

 In submitting the special issue under discussion, the court unquestionably assumed that the fund of Hester L. Cockerham went into the consideration for lot 14, and in this we think reversible error was committed. All the evidence upon this point came from the appellees, and, as we view it, the separate fund was by no means clearly traced into the consideration paid for lot 14. To say the least, it was unsatisfactory and more or less confusing. The values of the various pieces of property acquired in the exchanges were not shown nor even estimated. Under these circumstances it was the duty of the court to submit to the jury special issues upon which findings could have been obtained establishing each step in the mutations of the fund and in such manner as that the fund could be identified when it went into lot 14, if it did, in order that, in the judgment, the court could determine whether it was entirely paid for by the separate funds of Hester L. Cockerham or was paid for partly by her funds and partly by community funds or property. Carwile et al. v. Roberts (Tex. Civ.App.) 11 S.W.(2d) 549, and authorities there cited.

Appellees claimed the Sudan Hotel as their homestead and, as to the judgment lien of appellant, that this property was exempt to them as such. The facts relating to its establishment and appropriation as a homestead were that they had lived for some four years prior to July 1, 1932, in a hotel at Hereford known as the Cordova Hotel. This property was heavily encumbered and they each testified that about the 1st of June, 1932, they decided to establish their homestead on the Sudan Hotel property in Lamb county, and, about that time, they moved some of their furniture to the Sudan Hotel, intending to move into it on July 1st, but when that date arrived, they were unable to get possession of it from the tenant. They had agreed to convey the Cordova Hotel to the holder of the lien on it in consideration of the cancellation of the lien, and, not being able to get immediate possession of the Sudan Hotel, they moved to the Hereford Hotel, which they also owned, and remained there until about the 11th of August. They said that, during the time they were at the last location, they were engaged in an effort to dispossess the tenant of the Sudan Hotel, and, as soon as they were able to do so, they moved to it and had lived there since. At the time they moved some of the furniture to the Sudan Hotel, they also moved some of it to the Hereford Hotel, but they testified they never intended to live in the Hereford Hotel as their home.

The only special issue submitted to the jury on this phase of the case was the second special issue which asked them if they found from a preponderance of the evidence that, at the time appellees moved out of the Cordova Hotel, they intended to occupy the Sudan Hotel as their home. The jury answered in the affirmative and the trial court rendered judgment in favor of the appellees.

 O. D. Cockerham did not remember the date he and his family moved out of the Cordova Hotel, but Mrs. Cockerham testified positively that it was on or before the first of July, 1932, and, in rendering judgment for appellees, the trial court necessarily assumed that the intention of appellees, at the time they moved from the Cordova Hotel, to occupy the Sudan Hotel as a home, was sufficient as a basis for the judgment. In this, we think the court committed error. It has many times been held by the courts of this state that intention alone is not sufficient to impress property with the homestead character. It is true there was no witness who denied the assertions of the appellees as to their preparations to make the Sudan Hotel their homestead, but it is also true that no one testified as to such preparations except the appellees. Their testimony was not clear as to the date they vacated the Cordova Hotel nor as to the removal of furniture to the Sudan Hotel, and we think the court

should have submitted to the jury special issues covering all the elements which were necessary under the law to establish their homestead on that property.

Under a number of assignments appellant contends that he was entitled to an instructed verdict because he established a prima facie case in the introduction of the deed to Mrs. Cockerham by her husband showing a nominal consideration, and proved his judgment to be unsatisfied in the sum of $3,000 and that O. D. Cockerham was, at the time, possessed of no other property. In view of the testimony concerning the separate fund of the wife and also concerning the establishment of the homestead, these assignments are overruled. The law permits the husband to prefer his wife to other creditors, if he is indebted to her and the transaction is not tainted with fraud, but he has no right to convey to her more property than is necessary to pay a bona fide debt under the guise of such preference. Lloyd v. Christain (Tex. Civ.App.) 54 S.W.(2d) 197; White v. Pearson (Tex.Civ.App.) 68 S.W.(2d) 341; Cox v. Miller, 54 Tex. 16; Massie v. McKee (Tex.Civ.App.) 56 S.W. 119. The question of whether or not Cockerham was indebted to his wife or whether he was her trustee was a proper question for the jury and one which should have been decided by them under appropriate special issues. A peremptory instruction was, therefore, not proper.

Contention is made that an instructed verdict or a judgment non obstante veredicto should have been granted to appellant because the S. W. ¼ of section 6 in Floyd county was contracted for before Hester L. Cockerham obtained the $1,000 from her mother's estate and it could not, therefore, have become trust property for her benefit, but would necessarily have been community property of herself and her husband. Granting it to be true that the land was contracted for before she obtained the money from her mother's estate or even before she knew she would obtain it, if the transaction were closed after she obtained it, we see no reason why her money could not have been used and the title taken for her and held by her husband for her benefit, even if it involved a change in their plans after the money was received by her.

Special issue No. 4 required the jury to find if O. D. Cockerham conveyed the property to his wife "with the intent to hinder, delay and defraud his creditors." Appellant contends that this special issue submitted a mixed question of law and fact. We do not agree with this contention. Intent is properly a question of fact, and it is proper to submit it to the jury when it is an issue in the case. Nicholson v. Nicholson (Tex.Civ.App.) 22 S.W.(2d) 514; Wright v. Austin, State Banking Com'r (Tex.Civ.App.) 1 S.W.(2d) 703; Snyder v. Stokes (Tex.Civ.App.) 34 S.W.(2d) 918.

For the errors pointed out, the judgment is reversed and the cause remanded.

## On Motion for Rehearing.

In their motion for rehearing, appellees insist that we erred in several particulars in our original opinion in this case, among which was our holding to the effect that it was the duty of appellees to establish the elements necessary to constitute the Sudan Hotel their homestead. We held that the establishment by jury finding that it was their intention to make the Sudan Hotel their homestead at the time they removed from the Cordova Hotel to the Hereford Hotel was not sufficient. It is established law in this state that intention alone is not sufficient to establish the homestead character of property. Other elements must be established, such as preparation and overt acts in addition to mere intention and it was necessary definitely to establish these in this case for the reason that no one testified to such overt acts except the appellees. The facts showed, without dispute, that they moved into the Hereford Hotel, which was also their property at that time, and remained there for sometime after the abstract of judgment of appellant was filed for record in Lamb county. Appellees intimate that, after they established their intention to move to the Sudan Hotel, it was the duty of appellant to rebut it. We cannot agree to this contention. The duty rested upon them to establish the homestead character of the property and a prima facie case is not made by merely showing an intention to make it such.

In view of the insistence of appellees, we deem it advisable to say that we are unable to determine from the record whether O. D. Cockerham used Mrs. Cockerham's money as her agent and trustee or whether he borrowed it from her and used it as community funds for the benefit of the community. It seems the jury was in the same dilemma. They found that her money was the only money that went into

lot No. 14, and then found that Cockerham was indebted to her for the same money and that he conveyed the property to her in payment of the debt. Obviously, the money could not belong to her as her separate funds and to Cockerham at the same time. It was either her separate funds, being managed by him for her separate estate, or it was money borrowed by him from her and, therefore, community funds. It could not have been both. In both their pleading and proof, appellees seek to hold it as both community and separate. This, they cannot do. Under our system, inconsistent theories may be pleaded by either the plaintiff or the defendant, but they should be clearly stated and in separate counts, so that, in making up their verdict, the jury may definitely inform the court of the true conditions as to the facts in order that an intelligent and definite theory may be adopted as a basis for the judgment. Jason Weiler & Sons v. Haskell Nat. Bank (Tex.Civ.App.) 13 S.W.(2d) 384.

The motion for rehearing is overruled.